UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS GERALD DUKE,

    Petitioner,

v.                                      Case No. 3:19-cv-1438-MMH-LLL

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

### I. Status

Petitioner Thomas Gerald Duke, an inmate in the custody of the Florida penal system, initiated this action on December 12, 2019,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1) and a Memorandum of Law and Fact (Doc. 3).[2] In the Petition, Duke challenges his 2017 state court (Clay County) conviction for possession of a firearm by a convicted felon. He raises two claims. See Petition at 4-17. Respondents have submitted a memorandum in opposition to the Petition. See Amended Response to Petition for Writ of Habeas Corpus (Amended Response; Doc. 22).

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

They also submitted exhibits. See Docs. 9-1 through 9-7; 22-1. Duke filed a brief in reply. See Reply (Amended Reply; Doc. 23). This action is ripe for review.

## II. Relevant Procedural History

On October 24, 2017, the State of Florida charged Duke, by amended information, with possession of a firearm by a convicted felon in Clay County case number 2015-CF-1613. Doc. 9-2 at 186. Duke entered an open plea of nolo contendere (reserving his right to appeal the court's denial of his motion to suppress evidence)[3] to possession of a firearm by a convicted felon on October 30, 2017. Doc. 9-4 at 156, 244-57. On November 16, 2017, the court sentenced Duke to a term of imprisonment of 92 months with 189 days of time-served credit. Id. at 150-55, 211-43.

Duke, with the benefit of counsel, appealed his conviction, arguing that (1) the trial court erred when it decided that a portable hard drive is not subject to the same Fourth Amendment protection as other computers and cell phones; (2) police officers cannot rely on a third party's apparent authority to consent to a search when the officers knew that the third party had purchased the digital storage device from an individual who had stolen it from Duke; (3) the facial recognition search (that identified the victim) was conducted when law

---

[3] Doc. 9-3 at 27-41, Order Denying Defendant's Motion to Suppress Evidence, filed October 27, 2017.

2

enforcement knew there was no apparent authority to consent to search the digital storage device; and (4) the search of Duke's vehicle and seizure of the firearm was fruit of the poisonous tree. Doc. 9-5 at 62-64, 121. The State filed an answer brief, Doc. 9-5 at 214-17, and Duke filed a reply brief, Doc. 9-6 at 37-38. The First District Court of Appeal (First DCA), in a written opinion, affirmed Duke's conviction and sentence on September 14, 2018. Doc. 9-6 at 69-75; Duke v. State, 255 So. 3d 478, 482 (Fla. 1st DCA 2018) (stating "the trial court properly denied Duke's motion to suppress the evidence on the USB drives that ultimately led to the discovery of the firearm that served as the basis for the charge to which Duke pled[]"). The court denied Duke's motion for rehearing on October 30, 2018, Doc. 9-6 at 78, and issued the mandate on November 20, 2018, id. at 76.

Next, Duke filed a counseled motion for reduction of sentence pursuant to Florida Rule of Criminal Procedure 3.800(c) in the state circuit court on January 11, 2019. Id. at 98. In the Rule 3.800 motion, Duke asked that the court reduce his sentence to a term of incarceration of no more than five years. Id. at 103. On April 19, 2019, Duke filed a notice of withdrawal of his Rule 3.800 motion. Id. at 129. The court dismissed the Rule 3.800 motion without prejudice on April 30, 2019. Id. at 132.

After initiating the instant federal habeas action in December 2019, Duke filed a pro se petition for writ of habeas corpus in the First DCA on

3

January 23, 2020. Id. at 135. In the state petition, he asserted that his appellate counsel was ineffective because he failed to raise the following issues on direct appeal: the State committed a Giglio[4] violation when the prosecutor used material, false testimony during the suppression hearing (ground one), id. at 140, and the "illegal vehicle inventory search" leading to the discovery of a firearm violated the Fourth Amendment (ground two), id. at 164. The First DCA per curiam denied the petition on October 21, 2020, see Doc. 22-1 at 5-6; Duke v. State, 312 So. 3d 857 (Fla. 1st DCA 2020), and denied Duke's pro se motion for rehearing on March 3, 2021, see Doc. 22-1 at 8.

During the pendency of the state habeas proceeding in the First DCA, on September 11, 2020, Duke filed a pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Id. at 12-44. In the request for post conviction relief, Duke asserted that counsel was ineffective because he failed to: investigate and call Mario Hampton and Kiera Paige, as witnesses, at the October 2017 suppression hearing (ground one), and object to the prosecutor's Giglio violations (ground two) and the officers' improper, prejudicial statements (ground three). He also asserted that counsel introduced "harmful hearsay" (the recording and transcript of Mario Hampton's interview with Detective Matthews) at the suppression hearing

---

[4] Giglio v. U.S., 405 U.S. 150 (1972).

4

(ground four). The State responded on May 3, 2021. Id. at 46-61. On June 14, 2022, the circuit court granted Duke's Rule 3.850 motion, stating in pertinent part:

> Prior to the evidentiary hearing,[5] the State and the Defendant reached an agreement to resolve the motion as well as his case.[6] The State, without specifically conceding trial counsel was ineffective, agreed to resolve the case by stipulating the Defendant's plea was involuntary because the Defendant was not fully aware of the possibilities regarding an appeal. Because of the stipulation, however, there is no need for this Court to determine whether counsel was actually ineffective.
>
> The parties have advised that the Defendant will enter a plea for a negotiated disposition if the motion is granted by stipulation. As such, the Defendant's motion is granted subject to reconsideration if the Defendant fails to enter his plea or having entered his plea, he attempts to withdraw it or disturbs it any way. If the Defendant fails to comply with the terms of the agreement[,] the Court shall vacate this Order. In light of the foregoing, the Defendant's conviction and his sentence are vacated conditional upon his re-entry of a plea in accordance with the agreement reached by the parties.

Id. at 63-64. That same day, Duke (who was represented by court-appointed counsel) pled guilty to possession of a firearm by a convicted felon in exchange

---

[5] According to the state-court docket, the court scheduled an evidentiary hearing on grounds one and four. See https://clayclerk.com, case no. 2015-CF-1613, Order Granting Evidentiary Hearing, filed September 7, 2021.

[6] According to Duke, before the evidentiary hearing, "the state offered [him] a sentence reduction of 5.5 months to forego litigation of his claims." Doc. 22-1 at 86.

for a term of incarceration of 86.5 months (with prior FDOC time-served credit and 6 days of new credit). Id. at 66-67, Plea of Guilty and Negotiated Sentence; 70-75, Judgment.

On September 7, 2022, Duke filed a pro se state petition for writ of habeas corpus in the First DCA. Id. at 82-99. He argued that "[t]here is a reasonable probability that [his] direct appeal would have been granted, his conviction reversed[,] and the illegally obtained evidence suppressed had these key facts not been overlooked." Id. at 96. As relief, he asked that the First DCA correct "the manifest injustice" and reconsider the merits of his direct appeal, "including the overlooked key facts." Id. at 87. On November 2, 2022, the First DCA per curiam dismissed the petition as unauthorized, citing Baker v. State, 878 So. 2d 1236 (Fla. 2004).[7] Doc. 22-1 at 101-02.

### III. Conclusion

Under 28 U.S.C. § 2254(a), "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court [shall be entertained] only on the ground that he is in custody in violation of the

---

[7] See Baker, 878 So. 2d at 1245-46 ("[W]e will dismiss as unauthorized, habeas corpus petitions filed by noncapital defendants that seek the kind of collateral postconviction relief available through a motion filed in the sentencing court, and which (1) would be untimely if considered as a motion for postconviction relief under rule 3.850, (2) raise claims that could have been raised at trial or, if properly preserved, on direct appeal of the judgment and sentence, or (3) would be considered a second or successive motion under rule 3.850 that either fails to allege new or different grounds for relief, or alleges new or different grounds for relief that were known or should have been known at the time the first motion was filed.").

6

Constitution or laws or treaties of the United States." Because the in-custody requirement of § 2254(a) is jurisdictional, it must be addressed first. See Clements v. Florida, No. 21-12540, 2023 WL 1860620, at *4 (11th Cir. Feb. 9, 2023) (citing Maleng v. Cook, 490 U.S. 488, 490 (1989); Diaz v. State of Fla. Fourth Jud. Cir. ex rel. Duval Cnty., 683 F.3d 1261, 1263 (11th Cir. 2012)). In the Amended Response, Respondents advance an in-custody argument, stating that dismissal of the case is required because Duke challenges the 2017 judgment and sentence that the state court vacated on June 13, 2022, and therefore, seeks relief from the custody of a state-court judgment that no longer exists. Amended Response at 6-8. They assert that the Court should dismiss the case without prejudice because Duke may challenge the June 13, 2022 judgment of conviction and sentence by refiling his claims, and that a refiling would be neither an impermissible second or successive § 2254 petition nor barred by the one-year statute of limitations. Id. at 7. Duke opposes Respondents' request to dismiss and states that he neither intends to file another habeas corpus action nor challenge the resentencing. Amended Reply at 2. He therefore asks that the Court proceed to hear and rule on the claims he presents in the Petition. Id. at 4.

Given the procedural posture of the case (including its age and the running of the one-year limitations period since the resentencing) as well as

7

Duke's upcoming estimated release date,[8] the Court finds that the most appropriate course is to stay and administratively close the case subject to reopening when Duke files an amended petition. To avoid any potential for piecemeal federal litigation, the Court reminds Duke that, when he files the amended petition, he must present all claims (those related to both his conviction and resentencing) that he wants the Court to consider.[9] The amended petition will become the operative petition in the instant case.

Therefore, it is now

**ORDERED AND ADJUDGED**:

1. This action is **STAYED and ADMINISTRATIVELY CLOSED** subject to reopening when Petitioner files an amended petition **no later than thirty days from the date of this Order**. If Petitioner fails to file an amended petition, the case will be subject to dismissal for lack of prosecution.

2. Respondents, **no later than thirty days from the filing of the amended petition**, must respond in compliance with the Court's Order (Doc. 8).

---

[8] According to the Florida Department of Corrections' website, Duke's estimated release date is June 24, 2023. See www.dc.state.fl.us/offenderSearch (last visited February 14, 2023).

[9] Before filing the amended petition, Petitioner must assess whether he intends to abandon ground two, as presented in the Petition. See Doc. 16 at 9.

3. Petitioner, **no later than thirty days from the filing of Respondents' response**, must either file a reply to Respondents' response or notify the Court that he does not intend to reply, but instead will rely on his assertions and claims, as stated in the amended petition. If Petitioner fails to reply or file a notice, the Court will consider the case to be ripe, and all briefing will be closed.

4. **The Clerk is directed** to administratively close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of February, 2023.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Jax-1 2/21
c:
Thomas Gerald Duke, FDOC #158535
Counsel of Record